testimony of plaintiff and of Hartridge supporting the same. The jury found for plaintiff, and defendant's motion for a new trial was overruled. The motion contained the general grounds, a ground of newly discovered evidence, and an assignment of error on the following charge to the jury, as being misleading and unwarranted by the evidence: "If LaRoche did get Hartridge to agree to sell to Cohen his stock and bonds for the sum of $5,000, and Cohen called at his office for the purpose of having the sale drawn up, and while there Cohen substituted some other purchaser; if you believe Platshek was substituted by Cohen in place of himself; and if you further believe that Cohen asked for several days in which to get up the purchase-money, and that this was consented to by Hartridge, and that he was then in a situation to deliver the stock and bonds, then the plaintiff would be entitled to a verdict." There was a cross-bill of exceptions to a refusal to dismiss the motion for new trial.

O'CONNOR & O'BYRNE, for Cohen.
McALPIN & LaROCHE, contra.

---

BRASWELL v. ALBERT & CALLAWAY.

ATKINSON, J.—The questions both of law and fact, by consent of counsel, having been submitted to the presiding judge without the intervention of a jury, and there being in the bill of exceptions no such specific assignment of error upon the judgment complained of as enables this court to determine whether the plaintiff in error excepts thereto as being contrary to law or contrary to the evidence; and the judgment of the court, upon examination of the record, appearing to be supported by the evidence and based generally upon correct legal principles, it will not be disturbed.                      Judgment affirmed.
December 21, 1894.

Complaint. Before Judge JONES. City court of DeKalb county. January term, 1894.

G. W. GLEATON and W. W. BRASWELL, for plaintiff.
JOHN S. CANDLER, for defendants.

---

## WILCOX et al. v. MIMS.

SIMMONS, J.—The exercise of due diligence would have enabled the
party and his counsel to know before announcing ready for trial
whether interrogatories taken in the cause were in the clerk's
office or not; and hence the discovery while the trial was in prog-
ress that they were not there, was not such cause for continuance
as would render erroneous a refusal to grant it by the presiding
judge in the exercise of his discretion. The request to charge, be-
ing partly correct and partly incorrect, was properly refused. The
verdict was warranted by the evidence, and there was no error in
denying a new trial.                                    *Judgment affirmed.*
October 22, 1894.

Action for damages.   Before Judge SWEAT.   Coffee
superior court.   April term, 1894.

G. J. HOLTON & SON, for plaintiffs in error.
E. D. GRAHAM, contra.

---

## WHITNEY v. GIBSON et al.

SIMMONS, C. J.—The evidence was conflicting, but that introduced
for the defendants was sufficient to sustain the verdict. There
was no material error of law, and the newly discovered evidence,
in view of the counter-showing, would not probably change the re-
sult. This court will not, therefore, overrule the discretion of the
presiding judge, who was satisfied with the verdict, in refusing a
new trial.                                             *Judgment affirmed.*
December 21, 1894.

Complaint on account.   Before Judge CLARK.   New-
ton superior court.   March term, 1894.

T. SPEARMAN and E. F. EDWARDS, for plaintiff.
J. F. ROGERS and L. L. MIDDLEBROOK, for defendants.